# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-21-FDW

| | |
|---|---|
| IVAN ARREGUIN-GRIMALDO, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| UNITED STATES CORRECTIONS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A.

## I. BACKGROUND

Pro se Plaintiff Ivan Arreguin-Grimaldo is a prisoner in the custody of the Colorado Department of Corrections, currently incarcerated at Bent County Correctional Facility in Las Animas, Colorado. Plaintiff filed this action on November 30, 2015, pursuant to 42 U.S.C. § 1983, naming as Defendants (1) "United States Corrections," (2) Dean Tambasio, identified as a transportation officer with the United States Corrections; (3) David Hampton, identified as a transportation officer with the United States Corrections; and (4) John Doe, identified as a transportation officer with the United States Corrections. Plaintiff originally filed this action in the District of Colorado, but that district transferred the action to this district on January 11, 2016, because the individual Defendants are alleged to reside in North Carolina. (Doc. No. 7). Before transferring this action, the District of Colorado granted Plaintiff's application to proceed in forma pauperis. (Doc. No. 4).

1

Plaintiff claims his federal constitutional rights were violated in August 2015 when he was transported on a four-day trip from Arizona to Colorado in extreme heat in a prisoner transport van that lacked air conditioning. Plaintiff alleges that on the first day of the trip he was picked up from the Yuma County Jail and placed in a transport van with a broken air conditioner. Plaintiff alleges that while he was sitting in the van waiting to be transported, he became saturated in sweat and had difficulty breathing, he became nauseous and dizzy, and he developed a severe headache. (Doc. No. 1 at 5-6). Plaintiff alleges that Defendants Tambasio and Hampton told him there was nothing they could do about the broken air conditioning in the van. Plaintiff alleges that during the next four-hour drive to Tucson, Arizona, he was subjected "to the same intolerable conditions." (Id. at 6).

Plaintiff alleges that during the ride from the Yuma County Jail to Tucson, one of the van's passengers vomited twice, and Defendants Tambasio and Hampton refused to stop to clean up the vomit and air out the fumes. Plaintiff alleges that after the van picked up a passenger in Tucson, the van headed to Albuquerque, New Mexico, and that Plaintiff was drenched in sweat and dehydrated during the ride. (Id.). The van stopped overnight in Albuquerque. Plaintiff alleges that during the overnight stay he tried to hydrate and cool himself with water, but that he continued to experience cramping, nausea, and a severe headache. (Id.).

Plaintiff alleges that early that next morning, Defendants Tambasio and Hampton tried to get the air conditioning fixed, but they were unable to do so. Plaintiff and the other inmates loaded back up in the van and the van headed to Los Lunas, New Mexico, where a few inmates were dropped off. (Id. at 6-7). They then headed to Santa Fe, New Mexico, for a scheduled overnight stay. (Id. at 7). The next day, they traveled to Lubbock, Texas, where they again stayed overnight. The next day, they traveled back to Santa Rosa, New Mexico, to pick up

another inmate. They then traveled from Santa Rosa, New Mexico, to Colorado, where Plaintiff and several inmates were dropped off at their final destination. Plaintiff alleges that, during the entire trip from Arizona to Colorado, no air was circulating in the partitioned part of the van where Plaintiff and the other inmates were sitting. Plaintiff also alleges that at no time during the ride in the van was he treated for heat exposure. (Id.). Plaintiff alleges that during the trip, because of the extreme heat, Defendants subjected him to cruel and inhumane conditions, thus violating his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also brings state law tort claims, and claims of violations of Colorado's state constitution. Plaintiff seeks injunctive and declaratory relief as well as compensatory and punitive damages. (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also generally allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from extreme heat or extreme cold. In assessing whether extreme temperatures constitute cruel and unusual punishment, courts consider the severity and duration of the condition. See Wilson v. Seiter, 501 U.S. 294, 304-05 (1991). Here, even taking Plaintiff's allegations as true, the Court finds that Plaintiff has not alleged a cognizable claim for an Eighth Amendment violation. At most, Plaintiff alleges that, over the span of a four-day van ride, with overnight stops, he was made to ride in a van without air conditioning, when outside temperature at times reached 116 degrees, while he and other inmates were being transported from Arizona to Colorado. The Court assumes as true that Plaintiff and the other inmates were hot and extremely uncomfortable during the trip. Still, and considering that the duration was during the daytime

over the course of four days, these allegations are not so extreme as to violate contemporary standards of decency. See Jensen v. Jorgenson, Case No. 03-4200, 2005 WL 2412379, at *11 (D.S.D. Sept. 29, 2005) (holding that there was no Eighth Amendment violation where a prisoner in a transportation van was chained and handcuffed, not given a bathroom break for twelve hours, and subjected to extreme heat)); see also Dixon v. Godinez, 114 F.3d 640, 643 (7th Cir. 1997) (in a conditions-of-confinement case alleging extremely cold conditions, noting that "it is not just the severity of the cold, but the duration of the condition, which determines whether the conditions of confinement are unconstitutional").

For the reasons stated herein, the Court finds that Plaintiff has failed to state an Eighth Amendment claim. Furthermore, the Court declines to exercise supplemental jurisdiction over Plaintiff's various state law claims. See 28 U.S.C. § 1367(c).

**IV. CONCLUSION**

For the reasons stated herein, Plaintiff's Eighth Amendment claim is dismissed for failure to state a claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's various state law claims, and those claims are therefore dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**.
2. The Clerk is directed to terminate this action.

Frank D. Whitney
Chief United States District Judge